**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JON STEPHENS** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CAUSE NO. 4:18-cv-01878** |
| **UNITED STATES** | § | |
| | § | |
| *Defendant* | § | |

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, JON STEPHENS, files this, his Amended Complaint against the United States, to recover damages, attorney's fees, and costs under the Federal Torts Claim Act and in support thereof, would respectfully show the Court as follows:

**PARTIES**

1.  Plaintiff, JON STEPHENS, is an individual who resides in Houston, Harris County, Texas. Plaintiff is a United States Army Veteran and suffered personal injuries as a result of the Defendants negligence.

2.  Defendant, UNITED STATES, may be served with process of service by serving Ryan Patrick, U.S. Attorney for the Southern District of Texas at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002, or wherever he may be found.

**JURISDICTIONAL STATEMENT**

3.  This Court has subject matter jurisdiction under 28 U.S.C. §1346 (b) as this civil action is brought under Federal Torts Claims Act.

4.  Venue is proper in this District, because all of the events giving rise to this claim occurred in this District pursuant to 28 U.S.C. §1391 (b) (2).

## COVERAGE UNDER THE FTCA

5.      Plaintiff suffered severe personal injury as a result of the negligence of physicians and/or other employees at Michael E. Debakey VA Medical Center in Houston, Harris County, Texas.

6.      Michael E. Debakey VA Medical Center is a governmental hospital operated by the United States and subject to its control.

## FACTUAL ALLEGATIONS

7.      Mr. Stephens is a United States Army Veteran. While on active duty, Mr. Stephens suffered a heat stroke that led to a severe epileptic condition.  Specifically, ever since then Mr. Stephens suffers violent seizures on a weekly basis. During many of these seizures, Mr. Stephens has collapsed and hit his face on various items. The repeated trauma to his face, and in particular his nose, caused severe cosmetic deformity and breathing problems.

8.      Naturally, Mr. Stephens became very self-conscious due to his appearance. This caused him great emotional pain and suffering. He reached out to the VA for help with this issue, and fortunately the VA approved repairing the appearance of his nose in conjunction with operating on his nose to correct his breathing issues. On or about November 10, 2016, Mr. Stephens went to the ENT Walk-In Clinic 1684, to schedule surgery to correct his deviated septum and for a "dorsal hump takedown." The clinic's intake notes corroborate Mr. Stephens' understanding that the surgery would involve a takedown of his dorsal hump. The clinic scheduled the surgery, and Mr. Stephens was very excited and optimistic to finally correct this issue that caused him so much torment.

9.      Unfortunately for Mr. Stephens, the surgery was a complete failure. The surgeon failed to even attempt the "dorsal hump takedown"—the primary reason that Mr. Stephens sought treatment—and even worse, the surgeon also failed to correct the breathing issue.  Instead, the

surgeon merely switched the side of his nose in which the blockage was worse.  After healing, instead of being able to breathe out of his left nostril and have restrictions in his right, the surgery simply switched the restriction to the left nostril and allowed breathing out of the right. The clinic notes indicated that the "patient [was] frustrated that his dorsal hump was not taken down. He thought he was getting a cosmetic rhinoplasty." Despite the clinic's own notes indicating the surgery was to take down the dorsal hump, they failed to do so and went so far as to indicate that the surgery was not intended to take down the dorsal hump. This ineffective and virtually pointless surgery resulted in horrendous pain to Mr. Stephens, with absolutely no benefit. He suffered hearing loss and physical pain from a surgery that fulfilled neither of its purposes: (1) to take down the dorsal hump; and (2) to correct the deviated septum.

10.     On or about April 7, 2017, Mr. Stephens returned to the clinic for a second follow up, at which point the clinic determined that they would perform a revision septorhinoplasty on May 2, 2017, to correct the breathing issues as well a "dorsal hump reduction." Once again, the surgery placed Mr. Stephens in a tremendous amount of pain for virtually no reason. As the clinic's follow up notes indicate, there was still a dorsal hump, his nose was not straightened, and Mr. Stephens continued to suffer from difficulty breathing through his nose.

## NEGLIGENCE

11.     As set forth above, at least two of Defendant's surgeons failed to perform their duties as a reasonable surgeon would have in the same or similar circumstances.  By subjecting Mr. Stephens to unnecessary operations and failing to complete the procedure for which they had a duty to complete, they caused substantial damages to Mr. Stephens.

12.     The truth of the matter is that Mr. Stephens never would have agreed to undergo the operation to fix his deviated septum alone, so he fought to get approval for the rhinoplasty to be

performed in conjunction with the deviated septum repair in order to consolidate healing time, and more importantly, to avoid the risks of multiple surgeries. But, the surgeons completely failed Mr. Stephens, a man who is in this position as a result of his service to our great nation.

## DAMAGES

13.    The pain and suffering caused as a result of these surgeries extend beyond those that normally occur with most surgeries. Mr. Stephen's seizures have increased from once a week to two or three times a week. Mr. Stephens has not only been put through two surgeries that have provided essentially none of the benefits they were designed to produce, but now suffers an increase in weekly seizures that will last indefinitely.

## CONDITIONS PRECEDENT

14.    Plaintiff has complied with all conditions precedent prior to the filing of this lawsuit. Specifically, he submitted a Standard Form 95 ("SF-95") and awaited a response from the Defendant for over six months.  Defendant acknowledged receipt of the claim but failed to ever meaningfully respond to the claim.  Therefore, the claim was constructively denied.

15.    Plaintiff attaches a copy of the SF-95 that was submitted to Defendant and incorporates it by reference to this complaint as if stated verbatim herein. (Exhibit 1).[1]

## RELIEF SOUGHT

16.    Plaintiff prays for judgment against the Defendant as follows:

    a) Noneconomic or General Damages including pain and suffering, loss of enjoyment of life, inability to engage in usual activities, emotional distress, disfigurement, and mental anguish.

---

[1] While the SF-95 submitted to Defendant contained related medical records, said records are not included in this filing due to privacy concerns, but will be made available upon request by any party or the Honorable Court.

b)  Economic or Special Damages including lost wages and services, cost of medical care, and disability.

c)  Future Damages including economic and noneconomic future damages, e.g., future cost of medical care, lost earnings and lost services are subject to reduction to present value.

d)  Attorney fees and costs of court.

e)  Any and all such orders necessary to grant Plaintiff any other such relief which he is justly entitled to by law.

Respectfully submitted,

 /s/ *Joe Jones*
JOSEPH K. JONES
Federal Bar No. 2771417
State Bar No. 24076466
jjones@sloanfirm.com
SLOAN FIRM
3000 Smith Street, Suite 4
Houston, Texas 77006
Telephone:  713-520-8833
Facsimile:  713-520-9933

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document was served pursuant to the Federal Rules

of Civil Procedure on this 7th day of November, 2018, on the following parties:

Fred T. Hinrichs
United States Attorney
1000 Louisiana, Suite 2300
Houston, Texas 77002
Fred.hinrichs@usdoj.gov

                                            /s/  *Joseph K. Jones*
                                           JOSEPH K. JONES