United States District Court
Southern District of Texas
**ENTERED**
August 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JON STEPHENS, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-1878 |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
|    *Defendant*. | § | |

## **MEMORANDUM, ORDERS, AND RECOMMENDATION**

Plaintiff's case brought pursuant to the Federal Tort Claims Act is before the Court on the Unites States of America's Motion to Dismiss for Lack of Service of Process.[1]  Dkt. 45.  Having considered the parties' submissions and the law, the Court recommends that Defendant's Motion to Dismiss be DENIED.[2]

### **I.  Procedural Background**

Plaintiff initially filed this case on June 8, 2018 naming the United States Department of Veteran Affairs (VA) as the only defendant.  Dkt. 1.  The VA filed an Answer and asserted sovereign immunity and other defenses, including insufficiency of process under Federal Rules of Civil Procedure 4(i)(1) and 4(m).  Dkt. 6.  The Court granted Plaintiff leave to amend to dismiss the VA and add the United States of America as the named defendant.  Dkts. 11, 12.  Plaintiff served Ryan K. Patrick, the United States Attorney, who filed an Answer on November 8, 2018. Dkt. 14.  The Answer filed by the United States again asserted sovereign immunity and other

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Dkt. 46.

[2] Plaintiff did not file a timely response to the Motion to Dismiss and the Court issued an Order to Show Cause.  Dkt. 48.  Plaintiff filed a late Responses (Dkt. 49), a Motion to Extend Time to file a response (Dkt. 52).  Plaintiff's Motion to Extend Time (Dkt. 52) is GRANTED.

defenses, including insufficiency of process under Federal Rules of Civil Procedure 4(i)(1) and 4(m). *Id.*

On April 26, 2019 the United States filed a Motion for Summary Judgment, followed by a Motion to Exclude Plaintiff's Expert on August 16, 2019. Dkts. 20, 39. The Magistrate Judge recommended denial of both motions and the District Court adopted the recommendations. Dkts. 42, 44. Promptly thereafter the United States filed the instant Motion to Dismiss based on Plaintiff's failure to serve the Attorney General as required by Federal Rules of Civil Procedure 4(i)(1) and 4(m). Dkt. 45.

**II.     Analysis**

Federal Rule of Civil Procedure 4(i)(1) sets forth the proper method of service on the United States of America. Proper service on the United States requires delivery of the summons and complaint to the United States Attorney in the district where the case is filed ***and*** delivery of a copy of each by registered or certified mail to the Attorney General of the United States in Washington, D.C. In addition, Rule 4(m) requires that service of process be perfected within 90 days of the filing of a Complaint. Plaintiff has failed to properly serve the Attorney General within the 90-day period required by Rule 4(m). The issue for the Court to determine is whether it should extend the time for Plaintiff to effect service on the Attorney General of the United States.

The United States argues that the Court must dismiss this case because Plaintiff cannot show good cause for failing to serve the United States Attorney General at any time since initiating this case in 2018. When a plaintiff demonstrates good cause for the failure to effect service timely, the court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m). Good cause requires Plaintiff demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually

does not suffice." *Sys. Signs Supplies v. U.S. Dep't of Justice, Washington, D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990); *see also McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993) (district court did not abuse its discretion by finding no good cause for failure to effect service due to counsel's neglect).[3]

However, Rule 4(m) confers discretion on the Court to extend the time for service even absent good cause. FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court…must dismiss the action…or order that the service be made within a specified time….") (emphasis added); *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause."). The cases cited by the United States requiring a Plaintiff to show good cause to avoid dismissal prejudice do not involve a court's exercise of discretion to extend time under Rule 4(m). *See* Dkt. 50 at 2. The Fifth Circuit cases relied upon by the United States were not decided under Rule 4(m), but under former Rule 4(j), which provided that if the plaintiff failed to effect service within 120 days, "the action shall be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service." *See Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996); *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993); *Sys. Signs Supplies*, 903 F.2d at 1013; *McGinnis*, 2 F.3d at 551. In *Florance v. Bush*, No. 3:09-CV-1470-B-BH, 2010 WL 2730615, *3 (N.D. Tex. May 25, 2010), the court dismissed the case because the Plaintiff filed to comply with a prior order of the court setting a deadline for completing service. And in *Brown v.*

---

[3] In an effort to show good cause, Plaintiff's counsel contends that after a conversation with counsel for the United States he "was under the impression" that service upon the United States Attorney Ryan K. Patrick was sufficient, and he did not "consciously chose to disregard Rule 4(i)." *Id.* at 4. Plaintiff's counsel is careful not to say that the Assistant U.S. Attorney actually told him service was sufficient, and Defendant "vehemently denies" the conversation occurred. Dkt. 50 at 2. The Court need not address the dispute because its ruling is not based on finding good cause.

3

*Harris County, TX*, No. H-07-0644, 2010 WL 774138, *15 (S.D. Tex. Mar. 2, 2010), the plaintiff did not respond to the defendants' Rule 4(m) argument and therefore did not ask the court to exercise its discretion to extend the time for effecting service. Furthermore, the order of dismissal of individual defendants in *Brown* accompanied a grant of summary judgment as to all other defendants, which indicates that leave to amend may have been futile.

The United States has actual knowledge of this lawsuit, has entered an appearance by Ryan K. Patrick, and has moved for summary judgment and to strike Plaintiff's expert. The United States does not waive proper service under Rule 12(h)(i) if it "plainly pled insufficiency of process at its first opportunity, as required by Fed.R.Civ.P. 12(b)" and the Plaintiff had a reasonable amount of time to correct the defect in service but failed to do so. *Flory v. United States*, 79 F.3d 24, 25-26 (5th Cir. 1996) ("Prohibiting the Government from asserting a jurisdictional defense after it pursues a dismissal on the merits would limit the Government's litigation options. Such a prohibition would enhance the ability of FTCA plaintiffs to take advantage of the waiver of sovereign immunity."). Nonetheless, these facts indicate that the United States will not be prejudiced by allowing Plaintiff to serve the Attorney General at this late date. The case has not been delayed and the ability of the United States to defend itself has not been hindered by Plaintiff's failure to effect timely service. The Court has expended time and resources on this case and issuing a dismissal without prejudice as allowed by Rule 4(m) would waste judicial resources. On July 13, 2020, Plaintiff requested issuance of Summons for United States Attorney General William Barr. Dkt. 54. The Court finds it in the interests of justice to extend Plaintiff's time to complete service on the Attorney General of the United States.

### III.    Conclusion, Order, and Recommendation

For the reasons discussed above, the Court ORDERS that Plaintiff's motion to extend time for service is GRANTED. Plaintiff must perfect service on the Attorney General of the United States and file proof of service with the Court on or before September 25, 2020. The Court RECOMMENDS that the Motion to Dismiss for Lack of Proper Service (Dkt. 45) be DENIED. It is further ORDERED that if this Memorandum and Recommendation is adopted, the following schedule shall govern this case: Discovery to be completed by December 11, 2020; dispositive motions, including Daubert motions, to be filed by January 13, 2021; Joint Pretrial Order due May 7, 2021; Docket call on May 14, 2021 at 3:00 p.m. before United States District Judge Sim Lake.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on August 25, 2020, at Houston, Texas.

                                                       Christina A. Bryan
                                         United States Magistrate Judge