United States District Court
Southern District of Texas
**ENTERED**
June 09, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JON STEPHENS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.: 4:18-cv-01878 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| *Defendant*. § | |

## **MEMORANDUM AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Defendant's Motion"). ECF No. 58. Having considered the pleadings, the record, and the law, the Court **RECOMMENDS** Defendant's Motion be **GRANTED**.

### **I. BACKGROUND**

Plaintiff is a United States Army Veteran who, while on active duty, developed an epileptic condition that causes severe seizures which occur weekly. ECF No. 12 ¶ 7. The seizures often cause Plaintiff to fall on his face or strike his face on objects around him. *Id*. The falls resulting from his seizures have caused a severe cosmetic deformity and breathing problems in his nose, and the deformity has made him very self-conscious. *Id*. ¶¶ 7-8. Plaintiff alleges he went to the Michael E. Debakey VA Medical Center (VA) in Houston, Texas for assistance with the cosmetic and breathing issues. *Id*. ¶¶ 6, 8. He alleges the VA approved his request to correct his deviated septum and, at the same time, perform a cosmetic surgery called a "dorsal hump takedown" to correct the appearance of his nose. *Id*. ¶ 8. The VA medical benefits package covers reconstructive surgery required as a result of disease or trauma but excludes cosmetic surgery that is not medically

1

necessary. 38 C.F.R. § 17.38(a)(1)(x). Ultimately, Plaintiff underwent two surgeries on his nose, but in neither surgery did VA physicians perform the dorsal hump takedown. ECF No. 12 ¶¶ 9-10.

The Amended Complaint alleges federal jurisdiction under the Federal Torts Claims Act ("FTCA") and brings negligence claims against the United States for the VA surgeons' failure to perform the dorsal hump takedown during either of Plaintiff's surgeries. *Id*. ¶¶ 3, 11. He contends he never would have agreed to undergo surgery absent the VA approving the cosmetic portion of the surgery and that the VA surgeons failed to perform as reasonable surgeons would in the same or similar circumstances. *Id*. ¶ 12. Exhibit 1 to Plainff's Amended Complaint includes a July 28, 2017 letter addressed to the Chief Counsel of the Veteran's Administration requesting relief for damages he suffered as a result of the negligence of VA physicians, including the cost ($10,544) for obtaining the cosmetic portion of the operation elsewhere, along with damages for pain and suffering and attorney's fees. Exhibit 1 also includes Standard Form 95, used for presenting a claim for damages and injuries under the Federal Tort Claims Act. Plaintiff alleges the United States acknowledged receipt of the claim but never "meaningfully respond[ed]" to it and, thus, "constructively denied" his claim. ECF No. 12 at 4.

Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction explains that, even though Plaintiff asserts negligence claims under the FTCA, adjudication of those claims would require the fact-finder to decide allegations that amount to a challenge of a benefit decision: whether the VA physicians acted properly when they failed to perform the cosmetic portion of the surgery. ECF No. 58 at 8. The Veterans Judicial Review Act ("VJRA") bars federal courts from adjudicating veterans' benefits determinations. Thus, Defendant argues, Plaintiff's negligence claims amount to a review of a VA benefits determination and the VJRA deprives this Court of

subject matter jurisdiction over Plaintiff's negligence claims. Plaintiff's Amended Complaint is silent as to whether he sought review of the failure to provide the dorsal hump takedown with the Board of Veterans Appeals.

## II. LEGAL STANDARD FOR DISMISSAL UNDER RULE 12(b)(1)

"[A] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Tsolmon v. U.S.*, Civil Action No. H-13-3434, 2015 WL 5093412, at *5 (S.D. Tex. Aug. 28, 2015) (quoting *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014)). When there is a challenge to the Court's subject matter jurisdiction, the party asserting jurisdiction bears the burden of establishing jurisdiction exists. *Id*. (citing *Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quoting *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001)). When a defendant moves to dismiss based on the allegations in the complaint alone, those allegations are presumed to be true. *Patterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). Thus, the Court assumes Plaintiff's allegations that he was told he would receive the benefit of cosmetic surgery are true.

## III. ANALYSIS

"The FTCA confers on federal courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury caused by the negligen[ce] . . . of any federal employee while acting within the scope of his . . . employment." *Esquivel-Solis v. U.S.*, 472 F. App'x 338, 339 (5th Cir. 2012); 28 U.S.C. § 1346(b). However, the VJRA bars

judicial review by a federal district court of any decision by the Secretary of the Veteran's Administration ("Secretary") which affects the provision of veteran's benefits. 38 U.S.C. § 511(a); *King v. U.S. Dep't. of Veterans Affairs*, 728 F.3d 410, 413-14 (5th Cir. 2013). Therefore, a federal district court lacks jurisdiction over any claim, even a negligence claim brought under the FTCA, if the claim amounts to an appeal of the VA's benefits decisions.[1] *King*, 728 F.3d at 413-14.

To determine whether the VJRA precludes federal court jurisdiction, courts examine whether, regardless of the cause of action alleged, the claim amounts to an appeal of a benefits decision. *See King*, 728 F.3d at 414; *see also Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995). If adjudication of the claim would involve questions of law and fact related to the VA's benefit determination, the VJRA places the claim outside the district court's jurisdiction. *King*, 728 F.3d at 414.

Plaintiff's negligence cause of action under the FTCA is based on his allegations that: he was told by VA staff that he would receive a cosmetic "dorsal hump take-down" along with repair of his deviated septum; VA surgeons failed to perform the cosmetic procedure in two different surgeries; and VA surgeons "went so far as to indicate [post-operatively] that the surgery was not intended to take down the dorsal hump." ECF 12 ¶ 9. Specifically, his negligence cause of action is pled as follows:

> at least two of Defendant's surgeons failed to perform their duties as a reasonable surgeon would have in the same or similar circumstances. By subjecting [Plaintiff] to unnecessary operations and failing to complete the procedure for which they had a duty to complete, they caused substantial damages to [Plaintiff.] . . . The truth of the matter is that [Plaintiff] would have never agreed to undergo the operation to

---

[1] The exclusive procedure for review of benefits decisions consists of an appeal of the benefit decision to the Board of Veterans Appeals, whose decisions are reviewed exclusively by the Court of Veterans Appeals. *King*, 728 F.3d at 414. The VJRA vests exclusive jurisdiction for review of the Court of Veterans' Appeals' decisions, including interpretations of constitutional and statutory provisions, with the Federal Circuit Court of Appeals. *Id*. "Final review may be had before the Supreme Court by writ of certiorari." *D'Arcy v. Olin E. Teague Veterans' Med. Ctr.*, No. 6:18-CV-00361-ADA-JCM, 2019 WL 10303647, at *2 (W.D. Tex. Apr. 8, 2019) (citing 38 U.S.C. § 7292(c)).

> fix his deviated septum alone, so he fought to get approval for the [plastic surgery] to be performed in conjunction with the deviated septum repair in order to consolidate healing time, and more importantly, to avoid the risks of multiple surgeries.

*Id*. ¶¶ 11-12 (emphasis added). Whether federal court jurisdiction over these negligence claims is barred by the VJRA can be determined by answering whether the negligence claims actually challenge a denial of benefits. *See King*, 728 F.3d at 414-15 (discussing cases in which plaintiffs' negligence claims amounted to a challenge to the denials of benefits). The Court concludes that Plaintiffs' claims involve questions of law and fact related to the VA's benefit determinations: the alleged decision to award a benefit—evidenced by Plaintiff's allegations that he fought for and obtained approval for the cosmetic portion of the surgery; and the denial of the benefit—evidenced by Plaintiff's allegations that the surgeons failed to even attempt the cosmetic portion of the surgery and "went so far as to indicate that the surgery was not intended to take down the dorsal hump."

Plaintiff's allegations that VA physicians were negligent in "failing to complete the [cosmetic] procedure" (*Id*. ¶ 11), would require the Court or fact finder to address questions of law and fact related to a benefit decision: whether Plaintiff had been awarded the benefit of a cosmetic procedure, and whether the benefit was properly denied when the surgeons failed to perform the procedure. Thus, Plaintiff's negligence claim boils down to a challenge of the denial of a benefit. This is evidenced by the fact that Plaintiff sought relief from the VA in the form of the cost to have the surgery performed elsewhere. ECF 1-2 at 5 (demanding "a modest amount of compensation—enough to obtain the operation somewhere else ($10,544)[.]").

The cosmetic portion of the surgery is excluded from the medical benefits package unless medically necessary. 38 C.F.R. § 17.38(a)(1)(x). Whether Plaintiff should have been provided with the cosmetic portion of the surgery, either because he was promised it or because it was

5

medically necessary, either *is* a benefit decision or at least involves questions of law and fact related to a benefit decision. *See Zuspann*, 60 F.3d 1156 (holding that plaintiff's claims for constitutional violations alleging denial of benefit based on VA physician's opinion, which was contrary to opinions of private physicians, that a particular treatment was unnecessary, was a benefit decision over which the district court had no jurisdiction). Regardless of whether Plaintiff was told he *would* receive the cosmetic procedure (an award of a benefit), his negligence claim relies on the failure or refusal to provide the procedure (the denial of the benefit). Thus the resolution of Plaintiff's negligence claims involve questions of law and fact related to a benefit decision and the district court has no jurisdiction over Plaintiff's negligence claims. 38 U.S.C. § 511(a) ("The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans . . . ."); *Thomas v. Principi*, 394 F.3d 970, 974 (reversing district court's finding of no subject matter jurisdiction because the plaintiff did not allege the VA failed to provide treatment and, therefore, raised no question of law or fact as described in 38 U.S.C. § 511).

As was the case in *King*, Plaintiff's negligence claims would require the fact finder to "to assess the VA's benefits decisions." *King*, 728 F.3d at 414-15. Plaintiff's case differs from those in which courts have found the plaintiff alleges "at least some VA actions that the district court can adjudicate without 'determin[ing] first' whether [the plaintiff] [i]s entitled to a certain level of benefits." *Thomas*, 394 F.3d at 974 (reversing district court's finding of no subject matter jurisdiction because "none of [plaintiff's] claims allege[d] that the VA failed to pay for treatment . . . or provide for treatment" and, therefore, raised no "questions of law [or] fact necessary to a decision by the Secretary under a law that affects the provision of benefits.").

6

Plaintiff's claims here would require the fact finder to decide whether the VA acted properly by allegedly awarding a benefit in the form of the cosmetic procedure, and/or by refusing the benefit by declining to perform the cosmetic procedure. Thus, Plaintiff's negligence claims amount to judicial review of the Secretary's denial of a benefit and review of that decision lies exclusively with the Board of Veteran's Appeals. *See* 38 U.S.C. § 511. As a result, the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim.

### IV. CONCLUSION

For the reasons stated herein, it is **RECOMMENDED** that Defendant's Motion to Dismiss for lack of subject matter jurisdiction be **GRANTED**. The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on June 9, 2021 at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge