United States District Court
Southern District of Texas
**ENTERED**
November 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JON STEPHENS, § § *Plaintiff*, § § v. § § UNITED STATES OF AMERICA, § § *Defendant*. § | Civil Action No.: 4:18-cv-01878 |

### MEMORANDUM AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Dismissal for Failure to Prosecute ("Defendant's Motion"). ECF No. 80. Plaintiff filed a timely response. ECF No. 83. Having considered the parties' briefing, the record, and the law, the Court **RECOMMENDS** Defendant's Motion be **DENIED**.

 **I.** **Background**

Judge Lake's Order of Adoption (the "July Order") granted Plaintiff leave to file a second amended complaint "based only on his allegation that the process for obtaining his consent to the surgeries violated the standard of care." ECF No. 67 at 2. The July Order provided that the second amended complaint "not contain any allegation of negligence or seek to recover for the failure to provide particular surgical procedure. . ." *Id.* On August 18, 2021, this Court ordered Plaintiff's second amended complaint be stricken without prejudice to refiling and required Plaintiff to deliver a revised version to Defendant for review before refiling to determine whether it was consistent with the July Order and the Court's rulings on the record. ECF No. 77 at 1.

1

Before Plaintiff refiled his second amended complaint, Defendant filed this motion, arguing that Plaintiff had failed or refused to file an amended complaint in compliance with the July Order and discussions with the Court during status conferences. Defendant contends that because Plaintiff has not complied with the July Order, Defendant would be severely prejudiced if forced to go to a docket call in a month.

**II.     Analysis**

Pursuant to Rule 41(b), if a plaintiff fails to prosecute or comply with the Federal Rules of Civil Procedure or a court order, the defendant can move to dismiss the action. Dismissal with prejudice under Rule 41(b) is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Raymond v. Univ. of Houston*, 275 Fed. App'x 448, 449 (5th Cir. 2008) (quotations omitted). The Fifth Circuit has limited district court discretion in dismissing cases with prejudice and will affirm dismissal with prejudice under Rule 41(b) "only where there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows the district court employed lesser sanctions that proved to be futile." *Id*. (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992)). In most cases where the Fifth Circuit affirms dismissals with prejudice, at least one of three "aggravating factors" exists: (1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct. *Berry*, 975 F.2d at 1191.

Defendant argues that dismissal under Rule 41(b) is warranted due to Plaintiff's failure to amend his complaint to an informed consent claim. However, Defendant fails to demonstrate that Plaintiff's conduct was caused by purposeful delay or contumacious conduct or that lesser sanctions would not prompt diligent prosecution. Nor does Defendant explain how any of the

2

aggravating factors weigh in favor of dismissal under Rule 41(b). There is no evidence indicating that Plaintiff himself is responsible for the delay in prosecuting this case. Additionally, because the docket call has been terminated, Defendant's argument that it has been prejudiced by the delay in filing the second amended complaint is now moot. *See* November 1, 2021 Minute Entry. Finally, the Court finds that the delay in filing an amended complaint was not caused by intentional conduct but due to a genuine disagreement between the parties regarding the July Order and its effect on Plaintiff's remaining claims. As explained at the November 1, 2021 status conference, the July Order was intended to preclude claims for negligence related to the failure to provide the cosmetic procedure but did not prohibit claims that Defendant was negligent in obtaining Plaintiff's consent to undergo surgery to correct his deviated septum. The correspondence between Plaintiff's and Defendant's respective counsel does not exhibit an attempt to intentionally delay the prosecution of Plaintiff's claim but a good faith effort to understand and comply with the July Order. *See* ECF No. 83-1.

### III. Conclusion

For the reasons stated above, it is **RECOMMENDED** that Defendant's Motion be **DENIED**. The Clerk of Court shall send copies of the Memorandum and Recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 2, 2021 at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge